UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ADAN CASTILLO LOPEZ, JORGE AGUILAR & RUBILIO ORLANDO PALACIOS

Defendants.

Criminal No. 05-404-1, 05-404-2, 05-404-3 (RMC)

**DETENTION MEMORANDUM**

The Defendants, Adan Castillo Lopez, Jorge Aguilar and Rubilio Orlando Palacios have been charged by indictment with conspiracy to import five or more kilograms of cocaine into the United States, conspiracy to distribute five or more kilograms of cocaine, knowing it would be imported into the United States, and aiding and abetting, in violation of 21 U.S.C. § 846, narcotics crimes carrying a penalty in excess of ten years. The government requested a detention hearing which was held on November 21, 2005. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer. According to the

government, the Defendants used their positions as federal drug enforcement officers in Guatemala to allow shipments of cocaine to enter Guatemala in exchange for bribes. Defendant Adan Castillo Lopez was the head of SAIA, the Guatemalan law enforcement agency responsible for investigating drug trafficking. SAIA is the functional equivalent in Guatemala of the Drug Enforcement Agency (DEA) in the United States. Defendant Aguilar was Castillo Lopez's deputy and the second in command of SAIA. Defendant Palacios worked for Lopez and Aguilar as the head of port security at the Guatemalan port of Santo Tomas.

The government proffered that in July of 2005, a DEA informant learned that officers with SAIA would allow cocaine to enter the port for the right price. The informant approached Defendant Palacios, who worked at the port. Palacios expressed interest in helping move a shipment of cocaine through the port.

Over a period of several months, the DEA informant arranged with the three Defendants for a "test load" of cocaine to be shipped to the port of Santo Tomas. According to the government, the three Defendants agreed to provide protection for the cocaine at the port, at a cost of $200,000, and in transit to the town of Tecum Uman at the Mexican border for an additional $300,000. The informant had several meetings with the Defendants during this period, all of which were recorded. At a meeting on Sept. 1, 2005, the informant also paid each of the Defendants $5000 in U.S. currency, the serial numbers of which had been previously recorded. The informant paid Defendant Castillo Lopez an additional $10,000 at a November 7, 2005 meeting.

Between November 14 and 15, all three Defendants flew to the United States, ostensibly to attend security training. The DEA arranged the training as a ruse and arrested all three Defendants on Nov. 15, 2005. At the time of their arrest, Defendants Aguilar and Palacios had in their

possession the U.S. currency paid to them by the DEA informant.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

A grand jury returned an indictment charging the Defendants with conspiracy to import and conspiracy to distribute five or more kilos of cocaine, both violations of the Controlled Substances Act. When, as here, probable cause exists to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by

the Defendant's release. *See* 18 U.S.C. § 3142(g).

In this case, the Court agrees that Defendants do not pose a danger to the community. Having lost their jobs, the Defendants would simply not be in a position to use their authority as SAIA officers to assist in the importation of narcotics. However, the Court believes that Defendants do pose a risk of flight.

The first factor, the nature and circumstances of the offense, favors detention. The Defendants allegedly conspired to use their positions as Guatemalan drug enforcement officers to facilitate the importation of illegal narcotics into the United States by protecting shipments of cocaine in exchange for half a million dollars. The Defendants face significant jail time for this offense. They therefore have an incentive to flee, if not back to Guatemala, to someplace else outside the United States.

The second factor, the weight of the evidence, favors detention. The DEA apparently has video and audio recordings of the Defendants' conversations and meetings with the informant, in which they agreed to use their authority as SAIA officers to protect a shipment of cocaine.

The third factor, the history and characteristics of the Defendant, favors detention. All three Defendants are Guatemalan Nationals with no ties to the District of Columbia. Defendant Castillo Lopez has a U.S. citizen cousin who resides in New Jersey, but the remaining Defendants have no ties whatsoever to the United States. The DEA has confiscated the Defendants' passports and return flight tickets. However, the Court takes judicial notice of the fact that the United States has fairly porous borders. The Court does not believe that the lack of a passport would present a serious impediment to Defendants' ability to flee the country.

The fourth factor, the nature and seriousness of the danger to the community does not favor

detention. As explained above, the Court does not find that Defendants would pose a danger to the community, should they be released pending trial.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure the Defendants' appearance at future court proceedings. The presumption in favor of detention established by the statute has not been overcome by the Defendants in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: November _28th_, 2005

____/s/______________________________
ALAN KAY
UNITED STATES MAGISTRATE JUDGE