UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JORGE AGUILAR )<br>_____ ) | Criminal No. Cr-05-404 (RMC)<br>Next Date: 07/06/06 |

**RESPONSE TO DEFENDANT AGUILAR'S MOTION FOR AN ORDER
DIRECTING THE UNITED STATES TO SPECIFY ALL EVIDENCE WHICH MAY
BE SUBJECT TO SUPPRESSION AND MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

Comes now the United States of America, by and through Kenneth A. Blanco, Chief, Narcotics and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Jr., Trial Attorney, Narcotic and Dangerous Drugs, and responds to the motion for an order directing the United States to specify all evidence which may be subject to suppression. Defendant's motion seeks to compel the government to identify with specificity the evidence it intends to use at trial and that may be subject to suppression. The government respectfully requests this Court to deny the motion. In support, the government states the following:

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), "at the arraignment or as soon as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). The rule permits a defendant to request notice of evidence, which is discoverable pursuant to Rule 16, that the government intends to use. However, the rule does not provide a basis for defendant to request that the government identify evidence that

1

might be suppressible. United States v. Norman, 2005 WL 2739082, at 2 (S.D. Ill. 2005). Additionally, the evidence the rule requires the government to produce does not include evidence that its witnesses may have reviewed or relied on that the government does not plan to offer in evidence at trial. United States v. Anderson, 416 F. Supp. 2d 110, 112 (D.C. Cir. 2006).

    The government has complied with Rules 12 and 16 and will continue to comply with the rules. The government has already produced or made available to the defendant the evidence it intends to use at trial as to the original counts. That evidence includes recordings of phone calls, video tapes, reports, transcripts, and other items. The government is preparing to disclose the evidence, discoverable under Rule 16, which relates to the additional counts of the recent superseding indictment. In an effort to promote a fair and efficient trial, the government has met and will meet informally with defense counsel to address the substance of his requests.

    For the foregoing reasons, the government respectfully requests this Court to rule defendant's motion as moot to the extent that the government has complied and now complies with the rule, and specifically to decline to grant defendant's request that the government be compelled to identify evidence that might be suppressible to the extent that it exceeds the requirements of the Rules of Federal Criminal Procedure.

    Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, DC 20005
Phone        202-514-1286
Facsimile    202-514-1483

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June 2006, I caused a true and correct copy of the Response to Defendant Aguilar's Motion for an Order Directing the United States to Specify all Evidence Which May be Subject to Suppression and Memorandum of Point and Authorities in Support Thereof to be delivered to the parties in this case via Electronic Case Filing.

                                                                                            _____

                                                                                            Paul W. Laymon