**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No. 05-404 (RMC)** |
| ***v.*** ) | |
| ) | |
| **JORGE AGUILAR** ) | |
| _____ ) | |

### RESPONSE TO DEFENDANT AGUILAR'S MOTION FOR DISCOVERY OF CO-DEFENDANT AND CO-CONSPIRATOR STATEMENTS

Comes now the United States of America, by and through Kenneth A. Blanco, Chief, Narcotics and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Jr., Trial Attorney, Narcotic and Dangerous Drugs, and responds to defendant's motion for discovery of co-defendant and co-conspirator statements.  The motion should be denied.

Defendant requests  disclosure of coconspirator statements the government intends to offer against him pursuant to Rule 801(d)(2)(E), Federal Rules of Evidence.  This rule provides that certain statements are not hearsay, that is, statements made by a coconspirator during the course and in furtherance of the conspiracy.  Defendant relies only on three cases from the 7th Circuit to support his contention.

The exact same disclosure motion was rejected by the court in United States v. Morrow, 2005 WL 3163806, *3 (D.D.C. 2005) (unpub).  The defendant there argued he was entitled to such statements pursuant to Rule 16(a)(1)(A), F .R. Crim. P.    The court soundly rejected this contention.  Id.   See also  United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.1988), cert. denied, 488 U.S. 867 (1988)(defendant not entitled to statements by a coconspirator who was listed among the government's prospective witnesses, but who did not testify at trial).  The D.C.

1

Circuit has also held that the Jencks Act does not entitle a defendant to statements of nontestifying coconspirators.  United States v. Williams-Davis, 90 F.3d 490, 512-14 (D.C.Cir. 1996), cert. denied, 519 U.S. 1128 (1997).  What the government must do is comply with the Jencks Act for witnesses who do testify, and comply with its Brady requirements.  United States v. Edelin, 128 F. Supp2d 23, 34-35 (D.D.C. 2001).  The government will so do.

The government has already disclosed all of the evidence in its possession relating to the counts, old and new, of the superseding indictment,  including video and audio tapes of the coconspirators.  As noted above, Federal Rule of Criminal Procedure 16 prohibits discovery of statements by government witnesses or prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. 3500.  Fed. R. Crim. P. 16.  The government is fully aware of its obligations under Rule 16,  has complied with it, and recognizes that it is a continuing obligation. Pursuant to the Jencks Act, disclosure of statements made by a government witness or prospective government witness are barred until after such witnesses have testified on direct examination in the trial of the case.   To the extent that defendant is requesting the government to comply  with the Jencks Act, the government intends to comply with the requirements of the Act, and will do so as early as possible.   To the extent that defendant requests the government to provide Federal Rules of Evidence 801(d)(2)(E) statements, the government will likely do so, and prior to trial, but as noted above it is not required to do so.

The government supports the notion that "pretrial discovery should be approached with a spirit of cooperation among court and counsel in order to prevent those burdensome trial recesses and also, we should emphasize, to protect the government against postconviction claims of prejudicial surprise."  United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974) citing United

States v. Baum, 482 F.2d 1325, 1331-1332 (2d Cir. 1973).  To the extent that defendant is

requesting liberal pre-trial discovery, the government notes that all parties have an interest in a

fair and efficient trial.

## CONCLUSION

For the foregoing reasons, the government respectfully requests this Court to deny

defendant Aguilar's motion for  disclosure of coconspirator statements.

Respectfully submitted,

_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice, Suite 8414
1400 New York Avenue, N. W.
Washington, DC 20005
Phone          202-514-1286
Facsimile      202-514-1483

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of June 2006, I caused a true and correct copy

of the foregoing Response to Defendant Aguilar's Motion for Discovery of Co-Defendant and

Co-Conspirator Statements to be delivered to the parties in this case via electronic case filing.


_____
Paul W. Laymon

4